UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

MARVIN TIMOTHY PENNINGTON                                                         PLAINTIFF

v.                                                         CIVIL ACTION NO. 3:23CV-P132-JHM

COOKIE CREWS *et al.*                                                            DEFENDANTS

### MEMORANDUM OPINION AND ORDER

Plaintiff Marvin Timothy Pennington filed the instant *pro se* prisoner 42 U.S.C. § 1983 action.  By prior Memorandum and Order (DN 69), the Court granted Plaintiff's motion for leave to amend the complaint and stated that it would conduct an initial review of the third amended complaint under 28 U.S.C. § 1915A.  The third amended complaint (DN 71) is now before the Court for an initial review.[1]  For the reasons stated below, the Court will allow some of Plaintiff's claims to proceed and dismiss other claims.

### I.  BACKGROUND

This action arose out of Plaintiff's previous incarceration at the Kentucky State Reformatory (KSR).  In his original complaint, Plaintiff stated that he suffered from sleep apnea and required the use of a C-PAP machine while sleeping and had a medical history of blindness, atrial fibrillation, hypertension, diabetes, and other medical issues.  He reported that KSR was placed on lockdown due to COVID-19 from January 7, 2022, to March 15, 2022.  He alleged, among other claims, that Defendants Cookie Crews, Anna Valentine, Phillip Campbell, Kim Thompson, and Shawn Carmin "conspired as a group to achieve 'herd' immunity within Dorm #1 inmates so to become infected with the COVID-19 virus and end the lockdown."  He maintained that he "was deliberately exposed to the COVID-19 virus by the Defendants, when they moved a

---

[1] Plaintiff captioned the document as a motion to amend the complaint.  Because the Court already granted Plaintiff's motion for leave to amend the complaint, the Court construes it as a third amended complaint.

infected inmate . . . into the cell that the Plaintiff was occupying on February 26, 2022." He asserted that he tested positive from COVID-19 as a result.

The Court conducted an initial review of the complaint (DN 1) and first amended complaint (DN 7)[2] pursuant to § 1915A and allowed Plaintiff's Eighth Amendment claims for cruel and unusual punishment/deliberate indifference to safety and Fourteenth Amendment claims for violation of the Equal Protection Clause to proceed against Defendants Crews, Valentine, Campbell, Thompson, and Carmin in their individual capacities, including a conspiracy claim (DN 13). The Court dismissed other claims, including Plaintiff's claims under the Americans with Disabilities Act (ADA) and Rehabilitation Act (RA).

Thereafter, Plaintiff filed a motion to reconsider the dismissal of his claims under the ADA and RA (DN 18) and a motion for leave to amend the complaint (DN 19). The Court entered a Memorandum and Order (DN 21) granting the motion in part and allowing Plaintiff's claims under the ADA and RA to proceed against the Kentucky Department of Corrections (KDOC) based on his allegations, among others, that he was "blatantly exposed to the COVID-19 virus, while being denied adequate ventilation by the Defendants, (and) with his medical condition (required C-PAP breathing machine) the Plaintiff is a 'qualified person' per the ADA and the Rehab. Act of 1973 (sect. 504)."

Plaintiff has now filed a third amended complaint. Because "[a]n amended complaint supersedes an earlier complaint for all purposes," *In re Refrigerant Compressors Antitrust Litigation*, 731 F.3d 586, 589 (6th Cir. 2013), the third amended complaint supersedes, or replaces,

---

[2] The first amended complaint alleged claims against grievance coordinator James Holcomb based on the handling of Plaintiff's grievances. The Court dismissed those claims upon initial review (DN 13).

2

the original complaint and previous amendments. The third amended complaint is now the operative complaint in this action.

The third amended complaint consists of 39 pages. The Court construes the complaint as again alleging Eighth Amendment claims for cruel and unusual punishment/deliberate indifference to safety; Fourteenth Amendment claims for violation of the Equal Protection Clause; claims for conspiracy; and claims for violation of the ADA and RA. Plaintiff again sues Defendants Crews, Valentine, Campbell, and Thompson in their individual capacities. However, he states that he requests to dismiss Defendant Carmin from the action. Upon review, the Court construes the third amended complaint as requesting to voluntarily dismiss the claims against Defendant Carmin and will grant the motion.

Moreover, at the outset, Plaintiff spends a lot of time in the third amended complaint citing statutes and case law and making legal arguments. Under Fed. R. Civ. P. 8(a)(2), a complaint should contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The proper time to cite legal authority and make legal arguments is in a dispositive motion or in response to a dispositive motion. Therefore, the Court disregards Plaintiff's citations to statutes and case law and legal arguments.

Plaintiff also makes many references to Defendants' failure to respond to his discovery requests. An amended complaint is not the proper vehicle to request responses to discovery requests or move to compel responses. If Plaintiff is unsatisfied with a response to his discovery request or if Defendants have failed to respond, Plaintiff must first confer with Defendants' counsel to resolve the dispute extra-judicially, without the Court's involvement. If he is still unsatisfied, he may file a motion to compel under Fed. R. Civ. P. 37 and state the specific materials that he

seeks and why he believes that he is entitled to them. Thus, the Court will disregard any references to Plaintiff's discovery requests in the third amended complaint.

## II. STANDARD

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

## III.  ANALYSIS

### A.  *Eighth Amendment, conspiracy, ADA, and RA claims*

With regard to Plaintiff's Eighth Amendment, conspiracy, ADA, and RA claims, the Court has reviewed Plaintiff's allegations in the third amended complaint and finds that he does not add claims or Defendants that are not already before the Court.  He provides more details and information that he has learned in discovery.  Upon review, these claims will continue to proceed.

### B.  *Fourteenth Amendment claims*

However, with regard to Plaintiff's Fourteenth Amendment equal-protection claims, the third amended complaint makes clear that the claim should be dismissed.  In support of his equal-protection claim, Plaintiff states, "The Plaintiff has shown he is 'Qualified Person' with a physical handicap, which substantially limits his 'Major Life Activities.'"  He states that he has a "Respiratory Disease, and has to use 'Continuous Positive Airway Pressure' (C-PAP) Breathing Machine to stay alive while he sleeps."  He also asserts, "That 'Selective' Inmate Bed move of (44) out of (160) Inmates in Dorm #1, treated the Plaintiff disparately as compared to similarly situated Inmates in Dorm 1, who were not moved, or <u>did not</u> have a positive COVID-19 virus Inmate placed in his cell."  He states that he "has proven he is part of a Suspect Class, (A qualified person with a Physical Disability) . . . [and] has shown there was NO Penological reason, NO rational basis for the bed move on February 22, 2022 . . . [;]" and "that placing a COVID-19 Positive Inmate in the cell with Plaintiff is Disparate Treatment."

The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike.  U .S. Const., amend. XIV; *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985).  To state an equal protection claim,

a plaintiff must show "intentional and arbitrary discrimination" by the state; that is, he must show that he "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000); *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 379 (6th Cir. 2011) ("To state an equal protection claim, a plaintiff must adequately plead that the government treated the plaintiff 'disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.'"). Disabled persons are not members of a protected class simply by virtue of their disability. *See City of Cleburne*, 473 U.S. at 445-46. Additionally, "prisoners are not considered a suspect class for purposes of equal protection litigation." *Jackson v. Jamrog*, 411 F.3d 615, 619 (6th Cir. 2005); *see also Wilson v. Yaklich*, 148 F.3d 596, 604 (6th Cir. 1998). Because Plaintiff fails to allege that he is a member of a protected class, his equal-protection claim must be dismissed for failure to state a claim upon which relief may be granted.

### C. KDOC policies and procedures and CDC guidelines

Moreover, Plaintiff makes repeated references to KDOC policies and procedures and CDC guidelines and argues that Defendants violated them. To the extent Plaintiff may be seeking to assert a claim based on Defendants' alleged failure to comply with KDOC policies and procedures or CDC guidelines, as stated by the Court in conducting the initial review of the original and first amended complaint, the failure of prison officials to follow institutional procedures or policies does not give rise to a constitutional claim. *Sandin v. Conner*, 515 U.S. 472, 481-82 (1995); *Stanley v. Vining*, 602 F.3d 767, 769 (6th Cir. 2010) ("It has long been established that the violation of a state statute or regulation is insufficient alone to make a claim cognizable under § 1983."); *Rimmer-Bey v. Brown*, 62 F.3d 789, 791 (6th Cir. 1995) (rejecting inmate's argument that prison

failed to follow Michigan prison regulations in putting him in segregation). Moreover, alleged violations of CDC guidelines do not state a federal or constitutional claim under § 1983. *See Mays v. Dart*, 974 F.3d 810, 823 (7th Cir. 2020) ('CDC Guidelines—like other administrative guidance—do not themselves set a constitutional standard."). Therefore, any claims Plaintiff may be attempting to raise in the third amended complaint based on violations of KDOC policies and procedures or CDC guidelines must be dismissed for failure to state a claim upon which relief may be granted.

## IV. CONCLUSION

For the reasons set forth herein, and the Court being otherwise sufficiently advised,

**IT IS HEREBY ORDERED** that the request to voluntarily dismiss the claims against Defendant Carmin (DN 71) is **GRANTED**. The Clerk of Court is **DIRECTED** to terminate Shawn Carmin as a Defendant in the docket sheet.

**IT IS FURTHER ORDERED** that Plaintiff's equal-protection claims under the Fourteenth Amendment and claims for violation of KDOC policies and procedures and CDC guidelines are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Court will enter a separate Third Revised Service and Scheduling Order governing the continuing claims. Because the Court will extend the pretrial deadlines, **IT IS FURTHER ORDERED** that Plaintiff's motion for extension of time to complete discovery (DN 68) is **DENIED as moot**.

Date: December 20, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
    Counsel of record
4414.010

7