**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

**MARVIN TIMOTHY PENNINGTON** **PLAINTIFF**

**v.** **CIVIL ACTION NO. 3:23CV-P132-JHM**

**COOKIE CREWS *et al.*** **DEFENDANTS**

**MEMORANDUM AND ORDER**

This is a *pro se* 42 U.S.C. § 1983 prisoner civil-rights action. This matter is before the Court upon Plaintiff Marvin Timothy Pennington's motion to object to and to strike Defendant Phillip Campbell's supplemental response to his interrogatory (DN 178).

Plaintiff alleges in this action that he was housed in the Kentucky State Reformatory during the COVID-19 pandemic. He maintains that Defendants conspired to achieve herd immunity in the dorm in which he was housed and moved an infected inmate into his cell deliberately exposing him to the virus. He asserts that he tested positive for COVID-19 as a result. By prior Memorandum and Order (DN 175), the Court ordered Defendant Kentucky Department of Corrections to serve a supplemental response to Plaintiff's interrogatory which asked, "Specifically, request (who) at the Kentucky State Reformatory was assigned to, in charge of, approved, supervised bed/cell moves from January 7, 2022 to March 17, 2022." Plaintiff states that Defendant Campbell, the Deputy Warden of Kentucky State Reformatory, served a supplemental response stating that he approved the bed move. Plaintiff attaches Defendant Campbell's supplemental responses to his interrogatories, in which Defendant Campbell states as follows:

> My initial response was that I had no recollection of specific inmate cell assignments/moves or who authorized or approved each one. That was because during the pandemic, countless bed assignments/moves were approved and completed pursuant to Centers for Disease Control (CDC) guidance and

> Department of Corrections directives. I could not recall one particular move from one date. I have since been informed by my attorney, Robert Chaney, that I approved and entered the February 26, 2022 move for Inmate Cody Sailing #313803. Mr. Chaney discovered this while reviewing information responsive to Interrogatories propounded to the Department of Corrections, to which I had no access in my individual capacity.

Plaintiff objects to and moves to strike the supplemental response arguing, "What this boils down to, is that Defendant Phillip Campbell has been caught being untruthful (lying) to the court, and (he) and his atty. Chaney are now trying to change the narrative." He continues as follows:

> Now that the Defendant, Phillip Campbell has been caught in a lie, his atty. Chaney, seems to have the uncanny ability to bestow the gift of revelation to his amnesiac client. . . . It begs the question, how come the atty didn't pull his miracle sooner, when his client inaccurately professed his un-involvement in the bed move in his answers to the interrogatories on 3/13/2025, or his 1st supplement response on 2/9/2026. . . . The atty. didn't pull this miracle until the Defendant Kentucky Department of Corrections, provided to the Plaintiff, it's "Supplemental Response to the Interrogatories" on 7/30/2025 as ORDERED by this Court.

Plaintiff further states that Defendant Campbell "has had two (2) chances to be truthful in (his) interrogatory responses. But, he chose not to, all along denying any involvement or knowledge of the bed move." He points to a supplemental response to an interrogatory by Defendant Campbell in a similar case filed by inmate Johnny Lee Cissell. *See Cissell v. Kentucky Dep't of Corrections*, No. 3:22CV-128-JHM. Plaintiff states that in that case Defendant Campbell supplemented his response to an interrogatory on May 26, 2026, stating that he and Defendant Warden Anna Valentine ordered the bed moves. He states that Defendant Campbell "had no problem remembering in 5/26/26, who ordered the inmate bed moves in November 2020." He also argues that Defendant Campbell "knew all along that (he) ordered the bed move, as the Defendant has had the same job and responsibilities at the (KSR) through all different iterations of the COVID-19 virus invasion." Plaintiff argues that because the Court ordered that discovery was closed Defendant Campbell's supplemental response should be stricken.

Upon consideration, Plaintiff's point that Defendant Campbell has changed his response to his interrogatory is well-taken. However, this is not grounds for striking the response. Plaintiff is free to make this argument in response to the motion for summary judgment and at trial, should a trial of this action take place. Accordingly,

**IT IS ORDERED** that Plaintiff's motion to object to and to strike the supplemental discovery response (DN 178) is **DENIED**.

**Plaintiff's deadline for filing a supplemental response to Defendants' motion for summary judgment remains September 2, 2026. Defendants may file a reply no later than September 16, 2026**.

Date: August 27, 2026

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
Counsel of Record

4414.010